865 F.2d 1267
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
D.S. CHAUHAN, Plaintiff-Appellant,
v.
Kendall L. BAKER, et al., Defendants-Appellees.
 No. 87-3809.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1988.
 
 Before BOYCE F. MARTIN, Jr., and WELLFORD, Circuit Judges, and JULIA GIBBONS, U.S. District Judge.*
 PER CURIAM:
 
 
 1
 In 1979, Dr. D.D. Chauhan read an advertisement announcing that Bowling Green State University in Ohio was seeking a teacher and director of its graduate program in Public Administration.[1] Dr. Chauhan applied and was selected for the position in 1979, and signed a one-year contract. In 1982, after a series of one-year contracts, Chauhan was made full professor with tenure.
 
 
 2
 Chauhan's contracts referred only to his role at Bowling Green as a professor, and made no reference to his being a director of other programs, departments, or agencies. Dr. Chauhan believed that his tenure should be tied to his position as director, as well as to that of professor, but the Dean of the College of Arts and Sciences repeatedly refused to make this change. Chauhan then complained about this refusal to Dr. Reickart, the Chairman of the Department of Political Science, who was in charge of hiring and firing the director of the programs involved. It has not been demonstrated that either the Dean or Dr. Reickart could grant tenure for the directorship position, and Chauhan does not deny this fact. Plaintiff claims that he was told that the directorship was his for as long as he continued to do a good job.
 
 
 3
 In 1985, the Political Science department passed a resolution providing that, in the future, the Public Administration program director would be appointed for a three-year term, and would be evaluated by the Political Science department chairman. Dr. Chauhan and his department head disputed whether the appointment would precede the evaluation or not. In any event, Chauhan refused to be evaluated until after a three-year appointment had been completed. The department chairman decided to ask the department faculty for suggestions about a director for the three-year term. Dr. Chauhan was expected to be the candidate selected, but the faculty instead chose Professor McKenna, a professor with less seniority. The chairman then appointed McKenna instead of Chauhan, who was, nevertheless, retained as a full professor at the University without a reduction in pay.
 
 
 4
 In June 1986, Dr. Chauhan filed a 42 U.S.C. Sec. 1983 action claiming that he was denied due process when he was removed as program director. He also alleged a conspiracy to deprive him of his constitutional rights under 42 U.S.C. Sec. 1985. Finally, he alleged a misrepresentation claim under Ohio law. The district court granted summary judgment to defendants, Bowling Green and certain of its officials, finding that Dr. Chauhan had no property interest in his position as director. The district court noted that Chauhan presented no evidence that the directorship was a tenured position. Specifically, the district court noted that the position in question was not advertised as involving a guaranty of tenure. The court also emphasized the fact that the Dean of the College of Arts and Sciences repeatedly refused to include the directorship position in Chauhan's employment contract. In sum, the district court concluded that these facts would prevent a legitimate expectation of continued employment within the meaning of Board of Regents v. Roth, 408 U.S. 564 (1972), and Perry v. Sindermann, 408 U.S. 593 (1972), even if, as claimed by Chauhan, he was told by Dr. Reickert that he could have the job for as long as he performed satisfactorily, because it was clear that Dr. Reickert has no authority to grant tenure.
 
 
 5
 The district court also refused to find a liberty interest based on harm to reputation because Chauhan had been unable to show any requisite harm or prejudice as set out in Paul v. Davis, 424 U.S. 693 (1976), in light of the fact that Dr. Chauhan continued to be employed by the school as a fully tenured professor.
 
 
 6
 The district court also found that Chauhan could not maintain a Sec. 1985 action because he demonstrated no racial or class animus. The misrepresentation claim was denied because, as in the due process claim, Dr. Chauhan was given no reasonable basis to believe he had a permanent position as director. The crucial question raised by Dr. Chauhan concerns whether there is a material fact in dispute which makes summary judgment inappropriate.
 
 
 7
 Giving Dr. Chauhan every reasonable favorable inference to which he is entitled, we find no error in the grant of summary judgment on the Sec. 1983 and Sec. 1985 claims. As in Samad v. Jenkins, 845 F.2d 660 (6th Cir.1988), we are not persuaded that Dr. Chauhan has demonstrated "substantial, tangible harm," or that he proved that he was "denied property or liberty" under the circumstances. Id. at 662. Again, to use the language in Samad, we conclude that the district court was not in error in concluding essentially that Chauhan had failed to show that "employment status ... was significantly and materially impaired," or that defendants had "failed to live up to [their] agreement." Id. at 662, 663. We believe that the situation in this case is similar to that in Garvie v. Jackson, 845 F.2d 647 (6th Cir.1988), wherein we held that a department head at the University of Tennessee was not constitutionally harmed when his appointment as department head was terminated but his status as a tenured professor was unaffected. Here, the University gave Dr. Chauhan no basis for expectancy, beyond a year to year basis, that he would be retained as director.
 
 
 8
 We find no error in the judgment on the conspiracy count because Bowling Green University, akin to a corporate entity, and its own officials and board cannot be held to conspire among themselves to deny Dr. Chauhan's claimed rights. See Doherty v. American Motors Corp., 728 F.2d 334 (6th Cir.1984); Hermann v. Moore, 576 F.2d 453 (2d Cir.), cert. denied, 439 U.S. 1003 (1978).
 
 
 9
 For these reasons stated, and for the reasons indicated by Judge McQuade in his opinion and order granting defendants judgment on July 31, 1987, we AFFIRM the summary disposition based on Sec. 1983 and Sec. 1985.
 
 
 10
 With respect to the state law claim of misrepresentation concerning the nature of the position being offered and Dr. Chauhan's understanding about an alleged assurance of continued employment as director as well as professor, the plaintiff cites no Ohio case law to support his contention. We are disposed in this situation where plaintiff has produced no evidence of a written assurance of tenure as director to give deference to the experienced Ohio jurist, Judge McQuade, in his resolution of this issue based upon interpretation of Ohio law. See Home Indemnity Co. v. Shaffer, 860 F.2d 186 (6th Cir.1988). We accordingly AFFIRM the summary judgment in this respect also.
 
 
 
 *
 The Honorable Julia Gibbons, United States District Judge for for the Western District of Tennessee, sitting by designation
 
 
 [1]
 The director was also in charge of the Ohio Rural University Program, designed to improve rural government administration